Scofield, J.,
delivered the opinion of the court:
It will be observed by Findings I and Y in this case that the cargo was owned by Eobert Thompson, a subject of *206 Great Britain, but was insured by citizens of tbe United States.
In the ease of the ship Catherine No. 513, the court held, under the twenty-third article of the treaty of amity and commerce between the United States and France, concluded February 6,1778, that goods, not contraband of war, found on board an American ship, though belonging to an enemy of France, were not liable to seizure and condemnation; and therefore an American insurer of such goods was entitled to claim indemnity from France.
The cargo in this case.can not be held exempt from capture under that decision. The capture was made and the cargo shipped after the passage of the Act July 7, 1798 (1 Stat. L., 578), abrogating the treaty.
In Hooper’s Case (22 C. Ols. B., 408) the court held (Judge Davis giving the opinion) that the treaty was not obligatory upon the parties after that date. Thereafter our commerce could claim from France no exemption which was not secured to it by the law of nations. That law made enemies’ goods, although in a neutral ship, liable to condemnation.
Thompson, being a subject of Great Britain and so an enemy of France, could claim no indemnity from France, through the United States or otherwise, for the loss of his goods. The United States could not release a claim which they had no right to demand.
If Thompson had no right to claim indemnity from France, it is very certain he could not assign such claim to an insurer, though a citizen of the United States, so as to put his assignee in any better position than he held himself.
The court therefore decides, as conclusion of law, that the insurers of the goods of Bobert Thompson had no valid claim against France for the insurance paid on the loss of the goods, and therefore none against the United States.
The court further decides, as conclusion of law, that said seizure and condemnation of the ship were illegal, and the owner had a valid claim for indemnity therefor upon the French Government prior to the ratification of the convention between the United States and the French Bepublic, concluded September 30,1800; that said claim was relinquished to France by the Government of the United States by said treaty in part consideration of the relinquishment of certain national claims of *207 France against the United States; and that the claimant is entitled to the following sum from the United States:
David Greene Haskins, jr., administrator de bonis non of David Greene, deceased, in case No. 1482, $4,533.